CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 29 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY KILLEN,<br>    Petitioner, | Civil Action No. 7:08-cv-00025 |
| v. | **MEMORANDUM OPINION** |
| BRYAN WATSON, WARDEN,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Jerry Killen, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Killen challenges his October 2, 2003 convictions in the Circuit Court for Pulaski County, Virginia, for first degree murder and use of a firearm. He is currently serving the 38-year sentence imposed for those convictions. Upon review of the record, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions, pursuant to 28 U.S.C. § 2244(d).

The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

The court filed Killen's § 2254 petition conditionally and offered him an opportunity to

1

provide information about the timeliness of his petition under § 2244(d). He has submitted additional information. Killen states that he was convicted and sentenced on October 2, 2003, that he subsequently pursued direct appeals to the Court of Appeals of Virginia, to a three judge panel of that court, and ultimately, to the Supreme Court of Virginia (appeal dismissed on March 16, 2005), and then to the United States Supreme Court, via a petition for a writ of certiorari that was denied on October 3, 2005. He states that he then filed a state habeas petition in the Supreme Court of Virginia, which was dismissed on May 24, 2006. He signed and dated his federal petition under § 2254 on January 8, 2008. In response to the court's call for any additional argument concerning why his petition should be considered even if untimely, he cites his lack of knowledge of the legal system, his sixth-grade education (he is only just now working on his G.E.D.), and the merits of the claims asserted in his petition.

The statute of limitations clock generally starts running under § 2244(d)(1)(A), based on the date upon which the challenged convictions became final. A conviction becomes final once the availability of appeal is exhausted, the time for filing a petition for writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal. See United States v. Clay, 537 U.S. 522 (2003). If Killen could prove his assertion that he pursued a petition for a writ of certiorari that was dismissed by the United States Supreme Court on October 3, 2005, his conviction would be final on that date, and the clock would start to run. The clock is tolled (or stopped) during the pendency of any properly filed state post conviction proceeding. § 2244(d)(2). It is not clear when Killen filed his state habeas petition in the Supreme Court of Virginia. For purposes of this opinion, the court will assume without finding that Killen filed the state habeas petition immediately after the United States Supreme Court denied his certiorari petition on October 3, 2005. If that were the case, then the pendency of that state habeas petition would toll the § 2244(d) limitation period, and the clock would start to run on the day that the Supreme Court of Virginia dismissed the habeas petition, May 24, 2006. Under this set of calculations, Killen's

2

year-long federal filing period ran from May 24, 2006 until May 24, 2007. He signed and dated his petition on January 8, 2008. Even considering this date as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989), the petition is untimely under §2254(d).[1]

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. R.C. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Killen's mere lack of knowledge as to a statutory deadline for filing for federal habeas relief and his general unfamiliarity with the legal process do not support granting such extraordinary relief. Harris, 209 F.3d at 330. Unfortunately for Killen, the alleged merits of his claims also provide no ground for equitable tolling, as the nature of his claims has no bearing on whether he was prevented by external circumstances from filing his claims on time. As the court finds no ground on which Killen can invoke equitable tolling, the court concludes that his petition must be dismissed as untimely filed, pursuant to § 2244(d) and Rule 4 of the Rules Governing § 2254 Proceedings.[2] An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a

---

[1] Killen does not allege facts or offer any argument suggesting that his federal filing period should be calculated under Subsections (B), (C), or (D) of § 2244(d)(1). Therefore, the court must calculate the statutory period under § 2244(d)(1)(A) and § 2244(d)(2).

[2] Rule 4 allows a district judge to dismiss a habeas petition summarily, if it is clear from the face of the petition that the petitioner is not entitled to relief.

3

constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 29th day of February, 2008.

/s/ James C. Turk
Senior United States District Judge