CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY GLENN KILLEN, ) | |
| Petitioner, ) | Civil Action No. 7:08-cv-00025 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BRYAN WATSON, WARDEN, ) | By: Hon. James C. Turk |
| Respondent. ) | Senior United States District Judge |

Petitioner Jerry Glenn Killen, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas coprus, pursuant to 28 U.S.C. § 2254. In his petition, Killen challenges his convictions in the Circuit Court of Pulaski County, Virginia, for first degree murder and use of a firearm. He is currently serving the thirty-eight year sentence imposed for those convictions. The respondents filed a motion to dismiss and a supplemental motion to dismiss, and petitioner responded, making the matter ripe for the court's disposition. After reviewing the record, the court grants the respondent's motions to dismiss and dismisses the petition for a writ of habeas corpus.

I.

The Circuit Court of Pulaski County sentenced Killen to thirty eight years imprisonment, pursuant to its criminal judgment entered on October 2, 2003, for first degree murder and use of a firearm. Killen directly appealed his convictions to the Court of Appeals of Virginia, and that court refused Killen's petition on May 19, 2004. A three judge panel for the Court of Appeals also refused to hear Killen's petition on September 17, 2004. The Supreme Court of Virginia denied Killen's direct appeal and petition for a rehearing on January 4, 2005, and March 16, 2005, respectively. Killen filed a petition for a writ of certiorari with the United States Supreme Court on May 27, 2005. (Pet. Mem in Resp. to Resp't Mot. Dismiss Ex. E.) The Court denied the petition on October 3, 2005.

Killen filed a petition for a writ of habeas corpus in the Circuit Court of Pulaski County on February 17, 2006,[1] which that court dismissed on June 7, 2006. Killen claimed that the trial court erred by not suppressing incriminating statements and refusing to instruct the jury on a lesser-included offense; the indictment was defective; voir dire failed to prevent the seating of biased jurors; the judge was biased; the prosecutor withheld exculpatory evidence; the police failed to preserve the crime scene; trial and appellate counsels provided constitutionally ineffective assistance; and he presented cause and prejudice to excuse any procedural default. The circuit court held that all of Killen's claims, besides ineffective assistance of counsel, were barred by Slayton v. Parrigan, 215 Va. 27 (1974), because the claims could have been raised at trial or on direct appeal but were not. (Resp't. Supplemental Mot. Dismiss Ex. G at 6.) The circuit court also held that both counsel provided constitutionally effective assistance. Id.

Killen filed an appeal with the Supreme Court of Virginia on July 13, 2006. The Supreme Court of Virginia dismissed Killen's appeal on April 5, 2007. The Supreme Court of Virginia held that Killen's ineffective assistance of counsel claims failed on their merits, and the court dismissed his suppression, jury instructions, and "cause and prejudice" claims because he failed to comply with Rule 5:17(c) of the Rules of the Supreme Court of Virginia.

Killen filed a second petition for a writ of habeas corpus in the Circuit Court of Pulaski County on January 16, 2008, and the circuit court dismissed the petition on March 11, 2008. The circuit court concluded that the second petition untimely raised defaulted and successive issues. The Supreme Court of Virginia denied Killen's subsequent appeal on July 14, 2008, because the notice of appeal was not timely filed.

---

[1] Killen claims he filed the petition on March 3, 2006, while the respondent claims he filed the petition on February 17, 2006. The court will apply the earlier date more beneficial to Killen.

2

In his present federal petition before the court, also filed on January 16, 2008, Killen claims that the trial court failed to suppress incriminating statements and properly instruct the jury on the lesser included offense; the evidence regarding the firearm and crime scene was insufficient, and trial counsel provided constitutionally ineffective assistance. The court conditionally filed the petition and requested Killen to demonstrate how his petition was timely. After Killen submitted documents, the court dismissed the petition before service of process as untimely. Killen filed a late notice of appeal, and the Fourth Circuit Court of Appeals subsequently refused to entertain an appeal.

Following the Court of Appeals' denial, the court granted Killen's motion for reconsideration, vacated its previous judgment holding the petition untimely, and ordered service of process on the defendant. The defendant filed a motion to dismiss and a supplemental motion to dismiss, to which Killen responded to each motion after the court issued Roseboro notices.

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the

3

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Id. § 2244(d)(l)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, a federal court must dismiss an untimely petition. 28 U.S.C. § 2244(d)(1).

The statute of limitations clock generally starts running under § 2244(d)(l)(A) based on the date upon which the challenged convictions became final.[2] A conviction becomes final once the availability of appeal is exhausted, the time for filing a petition for writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal. See United States v. Clay, 537 U.S. 522 (2003). However, the clock is tolled during the pendency of any properly filed state post conviction proceeding. 28 U.S.C. § 2244(d)(2).

The United States Supreme Court dismissed Killen's petition for a writ of certiorari on October 3, 2005, starting the limitations period. Killen filed his first state habeas petition on February 17, 2006. Therefore, 136 days ran between October 3, 2005, and February 17, 2006.

The circuit court dismissed the petition on June 7, 2006, and Killen filed a notice of appeal to the Supreme Court of Virginia on July 13, 2006. The Supreme Court of Virginia denied the petition on April 5, 2007. Killen signed and dated his federal petition for a writ of habeas corpus on January 8, 2008.

Even considering January 8, 2008, as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989), the petition is untimely under §2254(d). Another 277 days ran between April 5,

---

[2] Killen does not allege facts or offer any argument suggesting that his federal filing period should be calculated under Subsections (B), (C), or (D) of § 2244(d)(1). Therefore, the court must calculate the statutory period under § 2244(d)(1)(A) and § 2244(d)(2).

4

2007, and January 8, 2008, resulting in 413 days passing since the date the conviction became final.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. R.C. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Killen's mere lack of knowledge as to a statutory deadline for filing for federal habeas relief and his general unfamiliarity with the legal process do not support granting such extraordinary relief. Harris, 209 F.3d at 330. Unfortunately for Killen, the alleged merits of his claims also provide no ground for equitable tolling, as the nature of his claims has no bearing on whether he was prevented by external circumstances from filing his claims on time. As the court finds no ground on which Killen can invoke equitable tolling, the court concludes that his petition must be dismissed as untimely filed, pursuant to 28 U.S.C. § 2244(d).

III.

For the foregoing reasons, the court grants the respondent's motions to dismiss and dismisses Killen's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER:** This 30th day of January, 2009.

*/s/ James C. Turk*
Senior United States District Judge